# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Owensboro Division**

| | | |
|---|---|---|
| Mary A. Lyon<br>    *Plaintiff* | )<br>)<br>) | |
| v. | )<br>) | Case No. 4:17-CV-18-JHM |
| Cavalry SPV I, LLC<br>    *Defendant*<br>Serve:<br>    CT Corporation System<br>    306 W. Main Street, Suite 512<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Midland Funding, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 W. Main Street<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Portfolio Recovery Associates, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    2711 Centerville Road, Suite 400<br>    Wilmington, DE 19808 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Unifund CCR Partners<br>*Assumed Name for*<br>Credit Card Receivables Fund, Inc. *and*<br>ZB Limited Partnership<br>    *Defendant*<br>Serve:<br>    Credit Card Receivables Fund, Inc.<br>    c/o Corporation Service Company<br>    2711 Centerville Road, Suite 400<br>    Wilmington, DE 19808<br><br>    ZB Limited Partnership<br>    c/o Corporation Service Company<br>    2711 Centerville Road, Suite 400<br>    Wilmington, DE 19808 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

# COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

## INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff Mary A. Lyon is a natural person who resides in Henderson County, Ky. Ms. Lyon is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a foreign limited liability company, which has registered with the Kentucky Secretary of State. Cavalry is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

5. Cavalry regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

6. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

7. Midland regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. PRA's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

9. PRA regularly collects or attempts to collect debts owed or due or asserted to be

owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10. Unifund CCR Partners ("Unifund") is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

11. Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

12. Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

### I. Facts as to Cavalry SPV I, LLC

13. On October 11, 2012, Cavalry SPV I, LLC ("Cavalry") filed suit against Ms. Lyon in the Henderson District Court of Henderson County, Kentucky under Case No. 12-C-01366 (the "Cavalry Lawsuit").

14. Cavalry's complaint in the Cavalry Lawsuit was an attempt to collect a charged-off credit card debt that was used solely for personal, family, or household purposes, which makes the credit card debt at issue a "debt" within the meaning of the FDCPA.

15. Cavalry moved for default judgment against Ms. Lyon in the Cavalry Lawsuit on November 20, 2012, and the court awarded Cavalry default judgment against Ms. Lyon on December 18, 2012 (the "Cavalry Default Judgment").

16. A true and accurate copy of the Cavalry Default Judgment is attached as Exhibit "A."

17. The Cavalry Default Judgment awards Cavalry *inter alia*:

> This cause of action coming to be heard on the pleadings, and the Defendant named above having been served with process, and having failed to serve responsive pleadings to the Complaint, and having failed to appear, it is adjudged by the Court that the Plaintiff shall have judgment against the Defendant named above for the sum of $1,020.59, plus accrued interest in the amount of $151.21, together with interest at the rate of 8% per annum from April 6, 2012, until the entry of judgment, and at 12% per annum on the judgment until satisfied in full, plus all costs expended by Plaintiff, less payments made since the filing of the suit in the amount of $.00, for all of which execution may be had forthwith.

Exhibit "A."

      18.    While the Cavalry Default Judgment awards "costs" to Cavalry, no amount of court costs is included or set forth in the Cavalry Default Judgment.

      19.    Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

      20.    The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

      21.    If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

      22.    Cavalry did not file a bill of costs in the Cavalry Lawsuit.

      23.    Cavalry did not serve a bill of costs on Ms. Lyon in the Cavalry Lawsuit.

24.  There is no supplemental judgment entered in the Cavalry Lawsuit awarding Cavalry costs.

25.  On or about September 8, 2016, Cavalry served a non-wage garnishment on JPMorgan Chase Bank in an attempt to collect the Cavalry Default Judgment (the "Cavalry Garnishment").

26.  A true and accurate copy of the Cavalry Garnishment is attached as Exhibit "B."

27.  The Cavalry Garnishment provides in pertinent part:

| | |
|---|---|
| Judgment Creditor: | CAVALRY SPV I LLC |
| Judgment Debtor: | Mary Lyon |
| Garnishee: | JP Morgan Chase Bank |
| Amount Due: | $1,927.81 and accruing interest at 12% per annum from August 16, 2016 until paid |
| Date of Judgment: | December 18, 2012 |
| Probable Court Costs: | 20.00 |

Exhibit "B."

28.  Upon information and belief, the "Amount Due" of $1,927.81 includes self-awarded court costs that Cavalry has no legal right to recover from Ms. Lyon.

29.  The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

30.  Cavalry violated the FDCPA by **(i)** including court costs in the amount due in the Cavalry Garnishment where no Bill of Costs was filed in the Cavalry Lawsuit; **(ii)** falsely representing the amount due in the Cavalry Garnishment; and **(iii)** attempting to collect more under the Cavalry Default Judgment that it had any legal right to collect from Ms. Lyon.

II.  **Claims as to Midland Funding, LLC**

31.  On January 15, 2014, Midland Funding, LLC ("Midland") filed suit against Ms. Lyon in the Henderson District Court of Henderson County, Kentucky under Case No. 14-C-00049 (the "Midland Lawsuit").

32.  Midland's complaint in the Midland Lawsuit was an attempt to collect a charged-off credit card debt that was used solely for personal, family, or household purposes, which makes the credit card debt at issue a "debt" within the meaning of the FDCPA.

33.  Midland moved for default judgment against Ms. Lyon in the Midland Lawsuit on

April 3, 2014, and the court awarded Midland default judgment against Ms. Lyon on April 4, 2014 (the "Cavalry Default Judgment").

34. A true and accurate copy of the Midland Default Judgment is attached as Exhibit "C."

35. The Midland Default Judgment awards Midland *inter alia*:

> **DEFAULT JUDGMENT**
>
> This cause having come for hearing upon Motion of the Plaintiff for a Default Judgment herein, and it appearing to the Court that the Defendant(s), having been duly summoned, has/have failed to file answer or otherwise plead within the time prescribed by law, and appearing from the Affidavit filed in support of Plaintiff's Motion that the Defendant(s) is/are not in the military service of the United States.
>
> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) Mary Lyon the sum of $4,850.87 plus court costs, for all of which it may have execution. There being no just cause for delay, this is a final and appealable Order.

Exhibit "C."

36. While the Midland Default Judgment awards "costs" to Midland, no amount of court costs is included or set forth in the Midland Default Judgment.

37. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

38. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

39. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

40. Midland did not file a bill of costs in the Midland Lawsuit.

41. Midland did not serve a bill of costs on Ms. Lyon in the Midland Lawsuit.

42. There is no supplemental judgment entered in the Midland Lawsuit awarding Midland costs.

43. On or about September 8, 2016, Midland served a wage garnishment in an attempt to collect the Midland Default Judgment (the "Midland Garnishment").

44. A true and accurate copy of the Midland Garnishment is attached as Exhibit "D."

45. The Midland Garnishment provides in pertinent part:



Exhibit "D."

46. Upon information and belief, the "Amount Due" of $5,004.37 stated in the Midland Garnishment, which is $153.50 greater than the amount awarded to Midland in the Midland Default Judgment, includes self-awarded court costs that Midland has no legal right to recover from Ms. Lyon.

47. Midland violated the FDCPA by **(i)** including court costs in the amount due in the Midland Garnishment where no Bill of Costs was filed in the Midland Lawsuit; **(ii)** falsely representing the amount due in the Midland Garnishment; and **(iii)** attempting to collect more under the Midland Default Judgment that it had any legal right to collect from Ms. Lyon.

### III. Claims against Portfolio Recovery Associates, LLC

48. On March 1. 2013, Portfolio Recovery Associates, LLC ("PRA") filed suit against Ms. Lyon in the Henderson District Court of Henderson County, Kentucky under Case No. 13-C-00199 (the "First PRA Lawsuit").

49. On December 12, 2013, PRA filed suit against Ms. Lyon in the Henderson District Court of Henderson County, Kentucky under Case No. 13-C-01318 (the "Second PRA Lawsuit").

50. Each of PRA's complaints in the First PRA Lawsuit and the Second PRA Lawsuit was an attempt to collect a charged-off credit card debt that was used solely for personal, family, or household purposes, which makes each of the credit card debts at issue in the First PRA Lawsuit and the Second PRA Lawsuit a "debt" within the meaning of the FDCPA.

51. PRA moved for default judgment against Ms. Lyon in the First PRA Lawsuit on April 30, 2013, and the court awarded PRA default judgment against Ms. Lyon on May 24, 2013 (the "First PRA Default Judgment").

52. A true and accurate copy of the First PRA Default Judgment is attached as Exhibit "E."

53. The First PRA Default Judgment awards PRA *inter alia*:

> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) MARY LYON the sum of $2,517.46 with 12% per annum from date of judgment until paid, plus court costs, for all of which it may have execution. There being no just cause for delay, this is a final and appealable Order.

Exhibit "E."

54. PRA moved for default judgment against Ms. Lyon in the Second PRA Lawsuit on February 21, 2014, and the court awarded PRA default judgment against Ms. Lyon on February 28, 2014 (the "Second PRA Default Judgment").

55. A true and accurate copy of the Second PRA Default Judgment is attached as Exhibit "F."

56. The Second PRA Default Judgment awards PRA *inter alia*:

> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) Mary Lyon the sum of $682.67 with 12% per annum from date of judgment until paid, plus court costs, for all of which it may have execution. There being no just cause for delay, this is a final and appealable Order.

Exhibit "F."

57. While the First PRA Default Judgment and Second PRA Default Judgment award "court costs" to PRA, no amount of court costs is included or set forth in either the First PRA Default Judgment or the Second PRA Default Judgment.

58. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

59. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

60. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

61. PRA did not file a bill of costs in the First PRA Lawsuit or the Second PRA Lawsuit.

62. PRA did not serve a bill of costs on Ms. Lyon in the First PRA Lawsuit or the Second PRA Lawsuit.

63. There is no supplemental judgment entered in either the First PRA Lawsuit or the

Second PRA Lawsuit awarding PRA costs.

64. On or about February 28, 2016, PRA served a wage garnishment in an attempt to collect the First PRA Default Judgment (the "First PRA Garnishment").

65. A true and accurate copy of the First PRA Garnishment is attached as Exhibit "G."

66. The First PRA Garnishment provides in pertinent part:



Exhibit "G."

67. Upon information and belief, the "Amount Due" of $3,427.02 stated in the First PRA Garnishment includes self-awarded court costs that PRA has no legal right to recover from Ms. Lyon.

68. On or about April 27, 2016, PRA served a wage garnishment in an attempt to collect the Second PRA Default Judgment (the "Second PRA Garnishment").

69. A true and accurate copy of the Second PRA Garnishment is attached as Exhibit "H."

70. The Second PRA Garnishment provides in pertinent part:



Exhibit "H."

71. Upon information and belief, the "Amount Due" of $1,005.39 stated in the Second PRA Garnishment includes self-awarded court costs that PRA has no legal right to recover from Ms. Lyon.

72. PRA violated the FDCPA by **(i)** including court costs in the amount due in the First

PRA Garnishment and Second PRA Garnishment where no Bill of Costs was filed in the First PRA Lawsuit and Second PRA Lawsuit; **(ii)** falsely representing the amount due in the First PRA Garnishment and Second PRA Garnishment; and **(iii)** attempting to collect more under the First PRA Default Judgment and Second PRA Default Judgment that it had any legal right to collect from Ms. Lyon.

### IV.     Claims against Unifund CCR Partners

73.     On September 13, 2013, Unifund CCR Partners ("Unifund") filed suit against Ms. Lyon in the Henderson District Court of Henderson County, Kentucky under Case No. 13-C-00928 (the "Unifund Lawsuit").

74.     Unifund's complaint in the Unifund Lawsuit was an attempt to collect a charged-off credit card debt that was used solely for personal, family, or household purposes, which makes the credit card debt at issue a "debt" within the meaning of the FDCPA.

75.     Unifund moved for default judgment against Ms. Lyon in the Unifund Lawsuit on November 7, 2013, and the court awarded Unifund default judgment against Ms. Lyon on November 20, 2013 (the "Unifund Default Judgment").

76.     A true and accurate copy of the Unifund Default Judgment is attached as Exhibit "I."

77.     The Unifund Default Judgment awards Unifund *inter alia*:

> Being fully advised and having heard evidence as to the amount of damages, the court finds the defendant has been duly summoned and has failed to appear to answer; it is therefore adjudged by the court that the plaintiff recover from defendant the sum of $1,004.91 plus interest at the rate of 12.00% hereafter, Plaintiff's court costs expended herein, and for all of which execution may issue forthwith.

Exhibit "I."

78.     While the Unifund Default Judgment awards "court costs" to Unifund, no amount of court costs is included or set forth in the Unifund Default Judgment.

79.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the

>action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

80. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

81. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

82. Unifund did not file a bill of costs in the Unifund Lawsuit.

83. Unifund did not serve a bill of costs on Ms. Lyon in the Unifund Lawsuit.

84. There is no supplemental judgment entered in the Unifund Lawsuit awarding Unifund costs.

85. On or about March 11, 2016, Unifund served a wage garnishment in an attempt to collect the Unifund Default Judgment (the "Unifund Garnishment").

86. A true and accurate copy of the Unifund Garnishment is attached as Exhibit "J."

87. The Unifund Garnishment provides in pertinent part:

| JUDGMENT DEBTOR: | JUDGMENT CREDITOR: |
|---|---|
| MARY A LYON | Unifund CCR Partners |
| | Amount Due: $ 1,297.12 |
| | Probable Court Costs: $ 188.50 |
| | Judgment Date: 11/20/2013 |
| | Creditor's Attorney: |

Exhibit "J."

88. Upon information and belief, the "Amount Due" of $1,297.12 stated in the Unifund Garnishment, and the "Probable Court Costs" of $188.50 stated in the Unifund Garnishment, include self-awarded court costs that Unifund has no legal right to recover from Ms. Lyon.

89. Unifund violated the FDCPA by **(i)** including court costs in the amount due in the Unifund Garnishment where no Bill of Costs was filed in the Unifund Lawsuit; **(ii)** falsely representing the amount due in the Unifund Garnishment; and **(iii)** attempting to collect more under the Unifund Default Judgment that it had any legal right to collect from Ms. Lyon.

## Claims for Relief

**I.     Violations of the FDCPA**

90. The foregoing acts and omissions of Cavalry SPV I, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

91. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

92. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

93. The foregoing acts and omissions of Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mary A. Lyon requests that the Court grant her the following relief:

1. Award Plaintiff actual damages against each Defendant;

2. Award Plaintiff maximum statutory damages against each Defendant under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

          Respectfully submitted,

          /s/ James R. McKenzie
          **James R. McKenzie**
          *James R. McKenzie Attorney, PLLC*
          115 S. Sherrin Avenue, Suite 4
          Louisville, KY 40207
          Tel:   (502) 371-2179
          Fax:   (502) 257-7309
          jmckenzie@jmckenzielaw.com

          James H. Lawson
          *Lawson at Law, PLLC*
          115 S. Sherrin Avenue, Suite 4
          Louisville, KY 40207
          Tel:   (502) 473-6525
          Fax:   (502) 473-6561
          james@kyconsumerlaw.com